UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID K. LAMB #188625,                                    Case No. 2:18-cv-00061

          Plaintiff,                                    Hon. Janet T. Neff
   v.                                                           U.S. District Judge

SUSAN WILSON, et al.,

          Defendants.

_____/

## **REPORT AND RECOMMENDATION**

### I. Introduction

This is a civil rights action brought by state prisoner David K. Lamb pursuant to 42 U.S.C. § 1983. Lamb filed his complaint dated April 15, 2018, on April 19, 2018. (ECF No. 1.) Defendants are Nurse Practitioner (NP) Susan Wilson, NP Matthew Shullick, Registered Nurse (RN) Patricia Lamb, and Dr. Robert Crompton, M.D. Lamb's remaining Eighth Amendment and state law claims involve an alleged denial or delay in obtaining medical care until he received treatment in 2016 and spinal fusion surgery in March 2017. (*Id*. at PageID.6.) Lamb claims that it took him three weeks to learn to how to walk again after surgery. (*Id*.)

This report and recommendation addresses two pending motions. First, Plaintiff Lamb moves to voluntarily dismiss Defendants Wilson and Shullick and his state law claims. (ECF No. 36.) Defendants obviously do not object to this motion. Thus, it is respectfully recommended that the Court grant Plaintiff Lamb's motion to dismiss Defendants Wilson and Shullick and his state law claims. Plaintiff Lamb's

remaining claim would then be an Eighth Amendment claim against RN Lamb and Crompton.

Second, this report and recommendation also addresses Defendants' motion for an order to revoke Lamb's *in forma pauperis* status. (ECF No. 33.) Lamb filed a motion seeking leave to proceed *in forma pauperis* on April 19, 2018, which is the same day he filed his complaint. (ECF No. 2.) On June 28, 2018, Plaintiff Lamb was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (ECF No. 3.) A review of Lamb's prior federal cases reveals that he has had three prior cases dismissed as meritless. Thus, Lamb is subject to the Prison Litigation Reform Act's so-called three-strikes rule, which requires him to pay his filing fee in full unless he asserts facts indicating that he is "under imminent danger of serious physical injury." The complaint Lamb filed fails to assert such facts. Thus, it is respectfully recommended that the Court revoke Lamb's *in forma pauperis* status and require Lamb to pay the full filing fee within 28 days.[1]

## II. Three Strikes

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those

---

[1]    Plaintiff Lamb and Defendants have filed motions for summary judgment. (ECF Nos. 29 and 37). Those motions are not considered in this recommendation.

2

filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a

bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

In *Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580 (6th Cir. 2013), the Sixth Circuit set forth the following general requirements for a claim of imminent danger.  In order to allege sufficiently imminent danger, "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."  *Id*. at 585 (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)).  "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception."  *Rittner*, 290 F. App'x at 797–98; *see also Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (noting that "[a]llegations of past dangers are insufficient to invoke the exception"); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception"); *cf. Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007) (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists.  To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)."  *Rittner*, 290 F. App'x at 798 (internal quotation

4

marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver*, 727 F.3d at 585.  A prisoner's claim of imminent danger is subject to the same notice pleading requirement that applies to prisoner complaints.  *Id.* Consequently, a prisoner must allege facts in the complaint from which the court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

### III.  Analysis

Lamb is subject to the PLRA's three-strikes rule.  Defendants have identified three prior civil suits filed by Lamb that were dismissed on grounds of frivolousness or failure to state a claim upon which relief may be granted.  Copies of the final orders in these cases were included with Defendants' brief.  (ECF No. 34-2, PageID.447-476.) First, in *Lamb v. Archer*, No. 2:15-cv-12654 (E.D. Oct. 16, 2015), U.S. District Judge Avern Cohn dismissed Lamb's case because the complaint "fails to state a claim against any of the named defendants upon which relief may be granted.  As such, the complaint is DISMISSED under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1)."  (ECF No. 34-2, PageID.452.)  Second, in *Lamb v. Wayne County Prosecutor*, No. 2:09-cv-15003 (E.D. Jan. 22, 2010), U.S. District Judge Paul D. Borman found that Lamb "has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint" and dismissed the complaint "pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1)."  (ECF No. 34-2, PageID.458.)  And third, in *Lamb v. Mackie*, No.

5

1:17-cv-996 (W.D. Mich. Feb. 7, 2018), U.S. District Judge Paul L. Maloney dismissed Lamb's complaint on initial review "for failure to state a claim under 28 U.S.C. §§ 1915 (e)(2) and 1915A(b), and 42 U.S.C. § 1997(e)." (ECF No. 34-2, PageID.476.)

Lamb did not file a response to Defendants' motion. A review of these prior cases leads to the conclusion that Lamb is subject to the PLRA's three-strikes rule.

In addition, Defendants argue that Lamb failed to allege that he was in imminent danger of serious physical injury *at the time the complaint was filed*. Lamb's complaint asserts that, from 2007 to 2017, he suffered from numerous back injuries. (ECF No. 1, PageID.6.) He says that he underwent surgery on his back on March 28, 2017, and that it took him three weeks to learn how to walk again. (*Id.*) Lamb also asserts that the pain associated with his recovery was excruciating. (*Id.*) But Lamb fails to assert facts that would allow the Court to conclude that he was subject to imminent danger of serious physical injury at the time he filed his complaint.

### IV. Recommendation

It is recommended that the Court grant Lamb's request to dismiss Defendants Wilson and Shullick and his state law claims. (ECF No. 36.)

Further, it is respectfully recommended that the Court grant Defendant's motion to revoke Lamb's *in forma pauperis* status (ECF No. 33).

It is further recommended that the Court order that Lamb has twenty-eight (28) days to pay the entire civil action filing fee, which is $400.00. If Lamb fails to

pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $400.00 filing fee.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).


Dated:   November 14, 2019                      /s/ *Maarten Vermaat*
                                                MAARTEN VERMAAT
                                                U.S. MAGISTRATE JUDGE